CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellant, vs. VILLAGE OF FAIR OAKS, Respondent.

*September 18—October 5, 1909.*

*Railroads: Highway crossings: Maintenance: Planking: Condemnation: Compensation: Constitutional law: Police power.*

1. Under sec. 1299h—1, Stats. (Laws of 1907, ch. 120),—requiring a railway company at its own expense to construct, grade, and maintain in safe condition for public travel the portion of any highway extending upon or across its tracks or right of way in any incorporated village, etc.,—the company must, by planking or some equivalent therefor, adjust the surface of the highway where it crosses the tracks substantially to a level with the tops of the rails.

2. Where a portion of the right of way of a railway company is condemned for the purpose of extending a highway across the tracks, the company is not entitled to be compensated for the expense which it must incur in constructing and maintaining the crossing as required by the statute, such burden being imposed upon it solely for the protection of the public.

3. The requirement of sec. 1299h—1, Stats., is a legitimate exercise of police power for the protection of the safety of the public.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

Condemnation proceeding for the extension of Jackson street across the existing right of way and tracks of the appellant. It was stipulated by the parties, and found by the court, that the diminished value of appellant's land was $1 and that the cost of planking the crossing in perpetuity would

be $99. The court awarded as damages $1 and refused to allow the $99, from which refusal the railroad company brings this appeal.

The cause was submitted for the appellant on the brief of *Sanborn & Blake,* attorneys, and *C. H. Van Alstine,* of counsel, and for the respondent on that of *M. B. Olbrich.*

DODGE, J. The first contention made by appellant is that the new statute, enacted by ch. 120, Laws of 1907, added as sec. 1299h—1, Stats., does not require it to plank the crossing of the new street. That act provides:

"Whenever any highway in any town or incorporated village, without the limits of any incorporated city, shall extend upon, over or across the tracks or right of way of any railway company, such railway company shall, at its own expense, construct, grade and maintain in safe condition for public travel, the portion of such highway or crossing extending upon, over or across the tracks or right of way of such railway company."

Does this include planking the surface between and adjoining the tracks? The affirmative was quite directly declared in *Chicago, M. & St. P. R. Co. v. Milwaukee,* 97 Wis. 418, 431, 435, 72 N. W. 1118; and, while the question was not necessarily involved in that case, the reasons there presented still appear to us cogent and conclusive. The portion of the highway at the place of intersection with the tracks cannot be so constructed and maintained as to be in "safe condition for public travel" without such planking, or some equivalent therefor, as to adjust the surface substantially to a level with the tops of the rails. Of course this might be accomplished by the use of cement or concrete, and perhaps in some other way, but at expense probably as much or greater than the planking, and we take the practical question here involved to be whether planking or some equivalent is by the statute imposed upon the company. Without it, the crossing would be safe neither for the public travel upon the highway

nor for the uninterrupted passage of trains over it. The danger to the public results not only from the presence of rails in the street, but from the probable presence of teams or other obstructions upon the track so that accidents may occur to trains or they may be obliged to stop. The public safety is involved both in the travel on the street and in the travel of the railroad. We think the words of the statute are clearly broad enough to require such adjustment of the surface to the rails as is ordinarily accomplished by planking, and the obvious purpose of the act is such as to arouse belief in that intention.

2. A further contention of the appellant is that, if it is required by law to incur this expense as a consequence of the condemnation of a portion of its right of way for use as a highway, such expense is an impairment of the value of its property, and therefore should be compensated in the condemnation proceedings, a contention which, if the condemnation were for another railroad, finds support in *State ex rel. Northern Pac. R. Co. v. Railroad Commission, ante,* p. 145, 121 N. W. 919, decided so recently that the opinion was probably not brought to the attention of the circuit judge in the instant case. In that opinion, however, the distinction is clearly drawn between a condemnation of the lands of one railroad for the use of another and a condemnation for the uses of a public highway, with reference to those burdens of expense and maintenance in compliance with police regulations, resulting from the new use of that portion of plaintiff's right of way taken for the crossing. In the case of highway, those burdens fall purely and solely for public protection. In the case of condemnation for a new railroad, elements of private profit result from the condemnation, although they are not the sole reason for it, and therefore it has been held, as is declared in *State ex rel. Northern Pac. R. Co. v. Railroad Commission, supra,* that those expenses, so far as they are cast upon the plaintiff by the new crossing, should be compensated by the condemnor, if another railroad company, while

in the case of the public they should not, because a mere burden of expense resulting wholly from obedience to police regulations rendered necessary by the development and growth of the community and application of governmental policy. *State ex rel. Minneapolis v. St. Paul, M. & M. R. Co.* 98 Minn. 380, 108 N. W. 261; *Chicago, M. & St. P. R. Co. v. Milwaukee, supra.*

3. Upon the question whether the requirement of sec. 1299*h*—1, Stats., is a legitimate exercise of police power justified by considerations of protection of the safety of the public, *Chicago, M. & St. P. R. Co. v. Milwaukee, supra,* is final. As there well said: "There is no distinction in principle between the planking of the crossing and the maintenance of crossing signs, warning posts, cattle-guards, wing fences, crossing gates," and other things there mentioned. The suggestion of a distinction because the planking or its equivalent is really a part of the construction of the railroad is an immaterial one. Obviously it is no more so than the construction of cattle-guards required by sec. 1810, Stats. (1898), and sustained as a police regulation in *Chicago, M. & St. P. R. Co. v. Milwaukee, supra,* and cases there cited.

*By the Court.*—Judgment affirmed